IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAYNA NICOLE MONSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-23-55 |
| RACHEL HOBBS, *et al.*, | * | |
| Defendants. | * | |

***

# MEMORANDUM

Plaintiff Dayna Nicole Monson, who is incarcerated at Frederick County Detention Center, filed suit against several defendants, pursuant to 42 U.S.C. § 1983, alleging that defendants are failing to protect her from bullying and threats by other inmates; that she was discriminated against when she was not allowed to go to her prison job; and that defendants are interfering with her mail. ECF 1 (Complaint); ECF 4 (Supplement to Complaint) (collectively, the "Complaint"). For the reasons discussed below, Monson's Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. However, Monson will be provided with an opportunity to file an amended complaint to correct the deficiencies.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this court to conduct an initial screening of the Complaint and to dismiss the Complaint if it (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* ___ U.S. ___, 140 S. Ct. 1721 (2020). The Complaint is deficient because Monson has not alleged sufficient facts to support any allegation that her constitutional rights were violated by the named defendants.

In order to prevail on an Eighth Amendment claim of failure to protect from violence, Monson must allege that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837; *see also Rich v. Bruce*, 129 F.3d 336, 339-40 (4th Cir. 1997).

"The Eighth Amendment's prohibition on cruel and unusual punishments imposes certain basic duties on prison officials." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (citing *Farmer*, 511 U.S. at 832). Those duties "include maintaining humane conditions of confinement, including the provision of adequate medical care and . . . 'reasonable measures to guarantee the safety of the inmates.'" *Id*. But, "not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015). A two-part inquiry that includes both an objective and a subjective component must be satisfied before liability is established. *See Raynor*, 817 F.3d at 127.

Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or substantial risk of either injury. *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014). The objective inquiry requires this court to "assess whether society considers the risk that the prisoner complains of to be so grave that it

violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Subjectively, a plaintiff must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834. Evidence establishing a culpable state of mind requires actual knowledge of an excessive risk to the prisoner's safety or proof that prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and that the inference was drawn. *Id*. at 837. A plaintiff may "prove an official's actual knowledge of a substantial risk 'in the usual ways including inference from circumstantial evidence" so that "'a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Raynor*, 817 F.3d at 128.

"[P]risoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, *see Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000), [but] the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). Plaintiff alleges sexual harassment by inmates, as well as verbal abuse, bullying, and "mean girl syndrome." ECF 4. But, these assertions are not sufficient to allege a claim that there is or was a substantial risk to Monson's safety. At no point does plaintiff allege anything more than verbal harassment; there are no facts that indicate a threat to Monson's physical safety. Furthermore, following plaintiff's complaints of abuse, she was moved to administrative segregation and away from the problem inmates. ECF 1 at 5.

Monson also alleges that defendant Hobbs discriminated against her, stating: "Even though I have never been put on disciplinary . . . she wouldn't allow me to go to work release without going to a block I told her I didn't feel comfortable with." Construed liberally, Monson alleges a

violation of her due process rights under the Fourteenth Amendment. ECF 1 at 5. However, is well established that prisoners do not have a constitutional right to jobs or to demand to be housed in one prison rather than another, absent a showing of significant hardship. *See Sandin v. Connor*, 515 U.S. 472, 484 (1995); *see also Kitchen v. Upshaw*, 286 F.3d 179, 187 (4th Cir. 2002) (holding inmate had no liberty interest in participating in work release program and therefore not entitled to due process protections); *Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978) (holding work assignments are at prison officials' discretion); *see also Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 669-70 (8th Cir. 1996) (holding no liberty interest in work release and termination from work release is not atypical hardship); *Lee v. Governor, State of New York*, 87 F.3d 55, 58 (2nd Cir. 1996) (finding no liberty interest in work release); *Dominique v. Weld*, 73 F.3d 1156, 1160-61 (1st Cir. 1996) (holding loss of work release did not implicate a state created liberty interest).

Further, Monson alleges that defendants Hobbs and Busbey are "interfering with [her] outgoing mail." ECF 4 at 4. Prisoners have a First Amendment right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). Policies concerning legal mail require heightened scrutiny, but isolated incidents of mishandling of mail do not state a claim. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (requiring a showing of improper motive or interference with access to courts); *Buie v. Jones* 717 F.2d 925, 926 (4th Cir. 1983) (isolated incident of mishandling does not show actionable pattern or practice). Here, Monson does not provide any facts to support her allegation that defendants are interfering with her mail, particularly in a manner that violates her constitutional rights.

A complaint drafted by a self-represented plaintiff is held to a less stringent standard than one drafted by an attorney. A plaintiff who submits an inartfully pled complaint that includes a

potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Monson will be provided an opportunity to file an amended complaint, due within 28 days of the date of docketing of the accompanying Order. Monson should set forth a factual basis for how each individual defendant's actions or inaction violated her rights.

To comply with the Federal Rules of Civil Procedure, a complaint must contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant. *See* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Monson is reminded that an amended complaint generally replaces the original complaint. The general rule is that "'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint); *see Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). Therefore, the amended complaint must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action, to which defendants must

respond.  Failure to comply with the Memorandum and Order may lead to dismissal of the suit, with prejudice, and without notice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Monson is further forewarned that her right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if she has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while she is incarcerated.  *See* 28 U.S.C. § 1915(g).

An Order follows.

Date:  March 21, 2023                                  /s/
                                                                Ellen L. Hollander
                                                                United States District Judge