IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAYNA NICOLE MONSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-23-55 |
| RACHEL HOBBS, *et al.*, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM

Plaintiff Dayna Nicole Monson, previously incarcerated at the Frederick County Detention Center, filed the above captioned civil rights complaint pursuant to 42 U.S.C. § 1983. ECF 1. She also filed a supplement. ECF 4. Plaintiff alleges that defendants Rachel Hobbs, D. Law, Cap't Chrisp, and Warden William Delauter failed to protect her from bullying and threats by other inmates; she was discriminated against when she was not allowed to go to her prison job; and defendants are interfering with her mail. ECF 1, ECF 4.

In a Memorandum and Order of March 21, 2023 (ECF 5, ECF 6), the Court granted leave to Monson to file an amended complaint. The amended complaint (ECF 7) named "Commissioner" Katie Swan and Sgt. Moon as defendants, along with Hobbs. Monson also filed two motions to proceed in forma pauperis, which shall be granted. ECF 2, ECF 8. However, the amended complaint will be dismissed, without prejudice, for the reasons that follow.

**A.**

In her amended complaint, Monson claims that she was discriminated against when she was not allowed to go to her job while other inmates were permitted to do so; defendant Hobbs failed to "specify" that she was to be separated from inmate "Howard" and she was threatened by Howard in the visitation room; she was spit on by an inmate and defendant Swan subsequently

allowed the inmate to "file a retaliative charge in malice towards [her]"; and Sgt. Moon caused her to eat alone in the cafeteria, laughed at her when she asked for a grievance form, and wrote an infraction about her when he did bring her the form. ECF 7 at 4-6.

As relief, Monson asks to be released on May 17, 2023, and she seeks "justice and to be treated fairly." *Id*. at 7. Notably, she does not seek money damages.

No further filings were submitted. No defendant has been served. But, a docket sheet was sent to plaintiff in April 2024, and it was returned on May 17, 2024, as undeliverable. ECF 9.

**B.**

Article III of the Constitution limits judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990) (citations omitted). In *Arizona Christian School Tuition Organization v. Winn*, 563 U.S. 125, 133 (2011), the Supreme Court said: "Continued adherence to the case-or-controversy requirement of Article III maintains the public's confidence in an unelected but restrained Federal Judiciary . . . . For the federal courts to decide questions of law arising outside of cases and controversies would be inimical to the Constitution's democratic character." *See also Campbell-Ewald Co. v. Gomez*, 77 U.S. 153 (2016) (Roberts, J., dissenting) (reiterating that "'[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'") (alteration and citation omitted); *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (stating that Article III standing "enforces the Constitution's case-or-controversy requirement"), *abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127-28 (2014).

In other words, during the pendency of a case, an actual controversy must exist. *See Steffel v. Thompson,* 415 U.S. 452, 459 n.10 (1974); *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir.

2

2013). And, "[w]hen a case or controversy ceases to exist—either due to a change in the facts or the law—'the litigation is moot, and the court's subject matter jurisdiction ceases to exist also.'" *Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (quoting *S.C. Coastal Conservation League v. U.S. Army Corps. of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015)); *see Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (stating that "[f]ederal courts may not decide questions that cannot affect the rights of litigants in the case before them or give opinions advising what the law would be upon a hypothetical state of facts") (internal quotation marks and brackets omitted).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted); *see City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Grutzmacher v. Howard Cty.*, 851 F.3d 332, 349 (4th Cir. 2017); *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008). The Fourth Circuit has stated that "'mootness goes to the heart of the Article III jurisdiction of the courts.'" *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017) (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)). "'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Hardy*, 545 F.3d at 283 (quoting *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974)); *see Lewis*, 494 U.S. at 477.

Where developments occur during the course of a case that prevent the court from being able to grant the requested relief, the case must be dismissed. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the

3

controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained . . . ." *Lewis*, 494 U.S. at 480.

Where injunctive or declaratory relief is requested in an inmate's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Rd's Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005) (pretrial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).

To be sure, there is a narrow exception to the mootness doctrine, in those cases where a wrong is "capable of repetition yet evading review." *Lux v. Judd*, 651 F.3d 396, 401 (4th Cir. 2011). This exception does not appear applicable in the context of this case, however. Rather, this is a case in which plaintiff now lacks a "particularized, concrete stake in the outcome of the case. . . ." *Williams*, 716 F.3d at 808-09; *see also Hardy*, 545 F.3d at 283. This is because, with respect to the claims for injunctive relief, plaintiff obtained the injunctive relief that she sought through the litigation; she has been released. *See Simmons v. United Mortgage & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011).

On April 26, 2024, a copy of a docket sheet was sent to Monson at her last known address, the Frederick County Detention Center. ECF 9 at 1; ECF 9-1. The mail was returned as undeliverable and stamped "return to sender no longer at this address." ECF 9 at 1, 2. Because it appears that Monson has been released from Frederick County Detention Center, she has received the relief requested in her amended complaint, making it subject to dismissal, as moot.

Alternatively, Monson has changed her address and has not notified the Court as to where she can be reached.  Pursuant to local rules, all parties have an affirmative duty to inform this Court of any change of address during the pendency of their actions.  *See* Local Rule 102.1.b.iii (D. Md. 2023).  Therefore, the amended complaint is also subject to dismissal for failure of plaintiff to provide a current mailing address.

An Order follows.

Date:  July 31, 2024                             /s/
                                                  Ellen L. Hollander
                                                  United States District Judge